JJ-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3813 | **DATE** | 1/22/2003 |
| **CASE TITLE** | Krygowski vs. A T & T Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion to dismiss [2-1] is granted. Plaintiff's motion to remand [4-1] is denied. Case is dismissed with prejudice and terminated in its entirety.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 2 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JAN 23 2003 date docketed | 6 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| X | Mail AO 450 form. Mailed by MD. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 JAN 22 PM 2:27 | 1/22/2003 date mailed notice | |
| MD | courtroom deputy's initials | FILED-03-10 Date/time received in central Clerk's Office | MD mailing deputy initials | |

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| DIANE KRYGOWSKI,  Plaintiff,  vs.  AT&T CORP.,  Defendant. | No. 02 C 3813  Judge Joan H. Lefkow |

DOCKETED
JAN 2 3 2003

## MEMORANDUM OPINION AND ORDER

On May 1, 2002, plaintiff, Diane Krygowski ("Krygowski"), filed suit in the Circuit Court of Cook County, Illinois, Law Division, against defendant, AT&T Corp. ("AT&T"), alleging violation of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/2. On May 29, 2002, AT&T removed the case to this court on the basis that Krygowski's claim was preempted by federal law under § 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). AT&T has now moved, pursuant to Rule 12(b)(6), Fed. R. Civ. P., to dismiss Krygowski's Complaint. For the reasons set forth below, the court grants the motion.

## MOTION TO DISMISS STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no facts in support of its claim that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kennedy v. Nat'l Juvenile Det. Assoc.*, 187 F.3d 690, 695 (7th Cir. 1999). In ruling on the



motion, the court accepts as true all well-pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in the plaintiff's favor. *Dixon* v. *Page*, 291 F.3d 485, 486 (7th Cir. 2002); *Jackson* v. *E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999).

## ALLEGATIONS OF THE COMPLAINT

Krygowski's Complaint, taken as true for purposes of this motion, alleges that she was employed by AT&T at its Rolling Meadows, Illinois location for over 18 years. (Compl. ¶¶ 2-3.) Following the closure of the Rolling Meadows location, Krygowski alleges that she was told that there were no other positions available with AT&T and that she was laid off from employment. (Compl. ¶ 4.) At the time of her alleged layoff, Krygowski was a member of the Communications Workers of America, and the terms and conditions of her employment were governed by a Collective Bargaining Agreement ("CBA") entered into by and between AT&T and the Communications Workers of America on May 10, 1998. (Compl. ¶ 5.)

Under the CBA, AT&T employees who are laid off are entitled to a termination payment. (Compl. ¶ 6.) Because of Krygowski's service time of 18 years, she was entitled to a termination payment of 52 weeks' pay. (*Id.*) Despite repeated requests, AT&T refused to pay Krygowski the termination payment to which she was entitled. (Compl. ¶ 8.) Because AT&T is allegedly an "employer" under 820 ILCS 115/2 and Krygowski is allegedly owed a "wage" or "final compensation" also under 820 ILCS 115/2, Krygowski maintains that by refusing such payment AT&T has violated the IWPCA. (Compl. ¶¶ 9-12.)

## DISCUSSION

The issue in this case is whether Krygowski's claim under the IWPCA is preempted by § 301 of the LMRA. If her claim is preempted, then Krygowski's Complaint should be

2

dismissed, as even construing her action under § 301 she has failed to exhaust internal Union remedies under the CBA. If Krygowski's claim is not preempted, no basis for federal jurisdiction exists, and the claim should be properly remanded to the state court.

Under 28 U.S.C. § 1441(b), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States . . . ." One such type of civil action removable is a "federal question" case–that is, one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Federal question jurisdiction is normally determined by reference to the plaintiffs' well-pleaded complaint to see if it raises issues of federal law. *Atchley* v. *Heritage Cable Vision Assocs.*, 101 F.3d 495, 498 (7th Cir. 1996); *Rice* v. *Panchal*, 65 F.3d 637, 639 (7th Cir. 1995). Thus, federal issues that arise solely as defenses to state law claims fail to confer federal jurisdiction. *Caterpillar Inc.* v. *Williams*, 482 U.S. 386, 393 (1987). An exception to this rule exists, however, when "Congress . . . so completely preempt[s] a particular area that a complaint raising claims in that area is necessarily federal in character." *Atchley*, 101 F.3d at 498. As recognized in *Atchley*, "To the extent that Congress has completely displaced a state law claim with federal law, a plaintiff's attempt to allege the state law claim properly is characterized from its inception as a complaint arising under federal law." *Id.*; citing *Caterpillar Inc.*, 482 U.S. at 393; *Douglas* v. *American Info. Technologies Corp.*, 877 F.2d 565, 569 (7th Cir. 1989).

Section 301 of the LMRA is a federal statute carrying such complete preemptive force. *Atchley*, 101 F.3d at 498. Section 301(a) provides:

Suits for violation of contracts between an employer and a labor organization

3

representing employees in an industry affecting commerce as defined in this chapter . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). Section 301(a) requires that federal rules of law be applied and may "displace entirely a state cause of action, allowing removal by the defendant under the complete preemption exception to the well-pleaded complaint rule." *Atchley*, 101 F.3d at 498.

Section 301 preempts a state law claim if it requires interpretation of, and not reference to, a collective bargaining agreement. *In re Bentz Metal Prods. Co., Inc.*, 253 F.3d 283, 285 (7th Cir. 2001) (en banc). "In sum, if it is necessary to interpret express or implied terms of a CBA, a state law claim is completely preempted by § 301, the claim is deemed federal in nature from its inception, and the complaint is deemed one that a defendant can remove." *Atchley*, 101 F.3d at 499.

AT&T argues initially that Krygowski's claim is preempted by § 301 because the claim is "directly founded" on the provisions of the collective bargaining agreement. Merely being "founded" on a CBA, however, is not sufficient for preemption under § 301; instead the state law claim must require interpretation of the CBA itself. *See In re Bentz,* 253 F.3d at 285 ("In what we conclude was too broad a reading of the phrase, the panel held that the . . . claims were 'founded on the CBA' and thus preempted. We now hold . . . that a state law claim is not preempted if it does not require interpretation of the CBA even if it may require reference to the CBA.").

The more difficult issue in this case is whether the IWPCA claim requires interpretation

4

of the CBA.¹ Because Atchley is not automatically entitled to severance payments, but only receives them if she was "laid off," some level of interpretation of the CBA is required in this case. As § 25 of the CBA illustrates,² no severance payments are available if the employee leaves the company, is on a leave of absence, is dismissed for misconduct or is classified as term or temporary. Krygowski's eligibility for the severance payments is dependent on her being laid off under the meaning of the CBA. Of the cases relied on by the parties, the court believes that this case is analogous to *Atchley* and distinguishable from *Livadas*, *In Re Benz*, and *Lingle* v. *Norge Div. of Magic Chef Inc.*, 486 U.S. 399 (1988).

In *Atchley*, the Seventh Circuit addressed whether suit under the Indiana Wage Payment Law for wage increases and bonuses was preempted by § 301(a). As the court noted, interpretation of the CBA was required because the CBA governed "the amount, method and timing of payment of the bonuses and the increase in wage to the plaintiffs." *Atchley*, 101 F.3d at 500. Further, the court noted that "it is a question of federal contract interpretation whether there was an obligation under the CBA to provide payments at a certain time and, if so, whether the employer breached that implied contract provision." *Id.* Similarly, the alleged obligation to pay in this case stems from the CBA, and whether or not Krygowski qualifies for the severance

---

¹Krygowski argues that AT&T waived any argument concerning interpretation of the CBA because it was raised in the reply brief, not the initial brief. While AT&T perhaps did not elaborate on interpretation of the CBA as much as it should have, it did cite to § 25 of the CBA and analogize to *Atchley*, where the court did address interpretation of a CBA. Moreover, resolution of this issue addresses the court's subject matter jurisdiction, which the court may raise *sua sponte* at any time. *Levin* v. *Attorney Registration and Disciplinary Comm'n*, 74 F.3d 763, 766 (7th Cir. 1996) ("Subject matter jurisdiction cannot be waived and may be contested by a party or raised sua sponte at any point in the proceedings.").

²The court may refer to the CBA on this motion to dismiss because it is attached to AT&T's motion to dismiss and explicitly referred to in Krygowski's Complaint. *Wright* v. *Associated Ins. Co.*, 29 F.3d 1244, 1248 (7th Cir. 1994) ("Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the] claim.").

payments requires an interpretation of whether or not she qualifies under the terms of the CBA.

*Livadas*, on which Krygowski heavily relies, is distinguishable. In that case, the issue was whether the defendant willfully failed to pay wages upon severance. *Livadas*, 512 U.S. at 124-25. There was no dispute that Livadas was entitled to the payment, and no interpretation of the CBA was necessary to determine Livadas's eligibility.

Similarly, in *In Re Benz* the Seventh Circuit found that Indiana's mechanic's lien law was a "benefit provided to workers based on a state policy protecting workers; it is a separate claim, not dependent on interpretation of the agreement for its existence even though the amount of the pay is dependent on the CBA." 253 F.3d at 289. The court further noted that "[i]f entitlement to wages (or other employee pay) or the amount due were at issue, the CBA would control; almost certainly, interpretation of the agreement would be necessary and would be subject to the arbitration procedures of the contract." *Id.*

Finally, in *Lingle*, the Supreme Court concluded that § 301 did not preempt an Illinois tort claim for retaliatory discharge. That right applied to all employees and did not require interpretation of the CBA. *Lingle*, 486 U.S. at 407. Here, conversely, Krygowski is not automatically entitled to the severance payments, but, instead, is eligible only if the court would determine that she qualifies under the CBA. As such, her claim is preempted by § 301.

Having found that Krygowski's claim is preempted by § 301, the court now considers whether it can properly state a claim under that section. Under the CBA, grievances are to be pursued using a detailed procedure, including arbitrations. Krygowski fails to allege that she abided by these procedures. *Atchley*, 101 F.3d at 502 (after finding wage claim to be preempted by § 301, the court dismissed the claim because the union did not exhaust the required grievance

procedures).

Moreover, Krygowski cannot now fulfill the procedures necessary under the CBA as the six-month statute of limitations has now passed. When an employee sues an employer for breach of a collective bargaining agreement, the employee must also demonstrate that the union breached its duty of fair representation during the internal dispute resolution procedure. *DelCostello v. International Bhd. of Teamsters*, 462 U.S. 151, 165 (1983); *Filippo v. Northern Ind. Pub. Serv. Corp., Inc.*, 141 F.3d 744, 748 (7th Cir. 1998). Such cases are referred to as "hybrid" cases. *DelCostello*, 462 U.S. at 165.

The statute of limitations in hybrid Section 301/fair representation cases is six months. *Id.* at 172. The Seventh Circuit has held that when a union fails to pursue a grievance on an employee's behalf, the claim accrues when the employee knows that the union has made this decision. *Christiansen v. APV Crepaco, Inc.*, 178 F.3d 910, 914 (7th Cir. 1999). Furthermore, "when a collective bargaining agreement requires that all grievances be brought within a certain period, 'under the terms of the collective bargaining agreement, the failure and refusal of the Union to file the grievance within the specified time amount[s] to a final decision." *Id.*, citing *Metz v. Tootsie Roll Indus. Inc.*, 715 F.2d 299, 303 (7th Cir. 1983). Here, the CBA specifies that a meeting concerning a grievance must be requested within sixty calendar days of the action. (CBA, Art. 9.) Since Krygowski never even exhausted the grievance and arbitration procedures, the court will construe the time the claim accrued as when Krygowski failed to file her grievance meeting. Based on the Complaint, Krygowski alleges that the action was taken against her in November 1999, and sixty days after that date is over 2 years before Krygowski filed suit in April 2002. As such, Krygowski's claim is time-barred and should be dismissed with prejudice.

7

## CONCLUSION

For the reasons stated above, AT&T's motion to dismiss is granted [#2]. Krygowski's motion to remand is denied [#4]. This case is dismissed with prejudice and terminated in its entirety.

ENTER: _/s/ Joan H. Lefkow_
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: January 22, 2003